UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KEITH THOMPSON,

                Plaintiff,

        - v -

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

CV-04-2236 (ARR)(VVP)

        For the following reasons, the court recommends that this action be dismissed without prejudice for want of prosecution.

        This is an action brought under Section 1983 and the common law for the allegedly unlawful arrest and detention of the plaintiff. The plaintiff was formerly represented by the law firm of Cheda & Sheehan. Because Thomas Sheehan, Esq., the only partner of the firm, was suspended from the practice of law, the firm dissolved and the plaintiff was left without representation as of approximately August 31, 2005. After two adjournments of conferences that had been scheduled, the court issued a Memorandum and Order dated October 18, 2005 which scheduled a conference for December 1, 2005 and advised the plaintiff that either he or an attorney authorized to act on his behalf was required to appear in person at the conference. The Memorandum and Order was mailed to a residential address that had been provided to the court by Doric Sam, Esq., an attorney who had been formerly employed in the offices of Cheda & Sheehan. Mr. Sam further advised the court that attempts had been undertaken to notify all clients of Cheda & Sheehan that the firm could no longer represent them. Although Mr. Sam was not serving as counsel for the plaintiff, he undertook to serve as a liaison between the court and former clients of Cheda & Sheehan. The address provided by Mr. Sam matched an address for the plaintiff to which the chambers of Judge Lynch in the Southern District of New York had also sent a notice in connection with an action by the plaintiff in that court.

        The plaintiff did not appear at the conference on December 1, 2005. Accordingly the court scheduled another conference for January 10, 2006, and issued an Order again advising the plaintiff that either he or an attorney authorized to act on his behalf was required to appear in

person at the conference. The Order further warned that a failure to appear could result in dismissal of the action. The order was mailed to the address originally provided by Mr. Sam. The mailing was returned to the court, however, bearing a notation by the Postal Service, "Return to Sender No Such Number Unable to Forward."

Predictably, the plaintiff did not appear at the conference on January 10, 2006. At the conference, however, upon review of the transcript of the plaintiff's deposition, his testimony revealed a different address than the one to which the previous orders had been sent. Accordingly, the court scheduled yet another conference for February 10, 2006 and sent a Notice to the plaintiff at the address he had provided during his deposition. In addition to providing the time and place for the conference, the Notice advised the plaintiff, in boldface type, as follows:

> Either you or an attorney who has agreed to represent you must appear in person at the conference. A failure by you to attend the conference, or to retain an attorney to appear on your behalf at the conference, will lead to a dismissal of this action.

Notice, January 10, 2006. Enclosed with the Notice were the two previous orders scheduling the previous conferences which the plaintiff had missed. This Notice was **not** returned as undeliverable.

Neither the plaintiff nor an attorney acting on his behalf appeared on February 10, 2006. Counsel for the defendant, who also represents the defendant in the action by the plaintiff in the Southern District of New York, advised the court that he has not heard from the plaintiff or had any contact with anyone acting on his behalf with respect to either case. (Counsel has advised the chambers of Judge Lynch of the new address for the plaintiff and a new notice was also sent by the court to the plaintiff with respect to that action.)

Given the above sequence of events, it appears to the court that the plaintiff has abandoned his action. Certainly, there is no reason to continue to carry this case on the court's docket without a participating plaintiff. Accordingly, the court recommends that the action be dismissed for want of prosecution. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Because the circumstances surrounding the plaintiff's absence and failure to

prosecute are not entirely clear, however, the court does not recommend that the action be dismissed with prejudice.

*       *       *       *       *       *

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**The clerk is directed to serve a copy of this Report and Recommendation on the plaintiff at his last known address below by regular mail and by certified mail, return receipt requested:**

>Keith Thompson
>5014 Broadway, #4D
>Woodside, New York 11377

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
          February 10, 2006