

MICHAEL A. CARDOZO
Corporation Counsel

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MARY O'FLYNN
Senior Counsel
phone: (212) 788-0886
fax: (212) 788-9776
email: moflynn@law.nyc.gov



January 26, 2010

BY ECF
The Honorable Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*[Handwritten note: As per order dated January 11, 2010, this matter has been referred to Judge Pohorelsky. So ordered. S/Judge Ross 1/29/10  cc: Counsel USDJ  Judge Pohorelsky]*

Re: Keith Thompson v. City of New York, et al., 04 CV 2236 (ARR) (VVP)

Dear Judge Ross:

    I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and the supervising attorney assigned to the above-referenced case. This case has been assigned to Assistant Corporation Counsel Alexandra Corsi, who is presently awaiting admission to the bar and is handling this matter under supervision. Ms. Corsi may be reached directly at (212) 788-1090. I write in response to plaintiff's "Motion to Reopen Case", dated December 29, 2009. Defendants respectfully submit that plaintiff's Motion to Reopen the Case must be denied for the following reasons: (1) plaintiff failed to prosecute and thus the Court dismissed the case under Federal Rule of Civil Procedure 41(b); (2) plaintiff fails to sustain his evidentiary burdens pursuant to Fed. R. Civ. P. 60(b) to reopen the matter and the application is untimely; and (3) plaintiff's False Arrest and False Imprisonment Claims are Barred by the Statute of Limitations.

## Background

    By way of background, plaintiff, formerly represented by Thomas G. Sheehan, Esq., filed a complaint on or about May 28, 2004 against the defendants alleging that he was falsely arrested and imprisoned on July 17, 2003. (See Docket Entry No. 1). On approximately August 31, 2005, Thomas Sheehan informed the Court that he was suspended from the practice of law, thus leaving plaintiff without representation. (See Docket Entry No. 21). By Order dated October 18, 2005, the Court scheduled a conference for December 1, 2005, and advised the plaintiff that either he or an attorney authorized to act on his behalf was required to appear in person at the

either he or an attorney authorized to act on his behalf was required to appear in person at the conference. (See Docket Entry No. 23). That Order was mailed to plaintiff's attention at an address provided to the Court. (See Docket Entry No. 30). On December 1, 2005, plaintiff failed to appear at the scheduled conference. (See Docket Entry No. 25). By Order dated December 9, 2005, the Court rescheduled the conference for January 10, 2006. Id. This Order advised the plaintiff again that either he or an attorney authorized to act on his behalf was required to appear in person at the conference, and warned the plaintiff that a failure to appear could result in dismissal of the action. Id. This mailing was returned to the Court, bearing a notation by the Postal Service, "Return to Sender No Such Number Unable to Forward." (See Docket Entry No. 25).

On January 10, 2006, plaintiff failed to appear at the scheduled conference. However, at the conference, a review of plaintiff's deposition transcript revealed a different address than the one previously provided. Accordingly, the Court scheduled another conference for February 10, 2006, and sent a Notice dated January 10, 2006 to the plaintiff at the address provided during plaintiff's deposition as 5014 Broadway #4D, Woodside, New York, 11377. (See Docket Entry No. 27). The Notice to plaintiff dated January 10, 2006 again advised plaintiff that either he or an attorney who has agreed to represent him must appear in person at the conference, and failure to attend the conference or retain an attorney to appear on his behalf at the conference would lead to a dismissal of the action. Id. Significantly, this notice was not returned as undeliverable. On February 10, 2006, neither the plaintiff nor an attorney acting on his behalf appeared at the scheduled conference.

By Report and Recommendation dated February 10, 2006, the Court determined that the plaintiff had abandoned his action, and thus recommended that the action be dismissed for want of prosecution. (See Docket Entry No. 30). This Report and Recommendation was sent to plaintiff at 5014 Broadway, #4D, Woodside, New York, 11377, by both certified mail and regular mail. (See Docket Entry No. 30). Both mailings were returned as "undeliverable." (See Docket Entry Nos. 31 & 32). By Opinion and Order dated March 7, 2006, the Court adopted the February 10, 2006 Report and Recommendation, in its entirety, and dismissed plaintiff's action without prejudice for lack of prosecution. (See Docket Entry No. 33). On December 29, 2009, almost four years after plaintiff was provided notice of possible dismissal, plaintiff filed a "Motion to Reopen Case", listing the previously documented address of 50-14 Broadway, Apartment 4D, Woodside, New York, 11377. (See Docket Entry No. 35).

### Paintiff's Motion to Reopen Case Must be Denied Because Plaintiff Failed to Prosecute and the Court Dismissed the Case Pursuant to Fed. R. Civ. P. 41(b)

Rule 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," and unless the order states otherwise, it "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). To determine whether an action should be dismissed under Rule 41(b), a court looks to five factors: (1) the duration of the plaintiff's failures; (2) whether plaintiff received notice that such failures would result in dismissal; (3) whether further delay is likely to prejudice defendant; (4) the balance between alleviating the court's calendar congestion and protecting a party's right to due process and an opportunity to be heard; and (5) the efficacy of lesser

sanctions. Shannon v. Gen. Elec. Co., 186 F.3d 186 (2d Cir. 1999). "Generally, no one factor is dispositive." Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001).

In the present case, the Court's Report and Recommendation dated February 10, 2006 notes that "plaintiff has abandoned his action," and concluded that there was "no reason to continue this case on the court's docket without a participating plaintiff." (See Docket Entry No. 30). Thereafter, the Court dismissed the case for want of prosecution under Fed. R. Civ. P. 41(b).

Prior to dismissal, plaintiff was afforded several months and opportunities to notify or contact the Court on how to proceed in this case, and over a period of more than four years, plaintiff failed to litigate this case. Between August 31, 2005, the date Thomas Sheehan informed the Court of his suspension, and March 7, 2006, the date the Court Ordered the Report and Recommendation to dismiss this case, plaintiff failed to ever contact the Court. During that time and on several occasions, the Court mailed notices of the scheduled conferences to plaintiff and also notified plaintiff that this case was subject to dismissal. In every instance, plaintiff failed to respond.

Furthermore, it must be noted that the Court's Notice of January 10, 2006 and the February 10, 2006 Report and Recommendation, were both mailed to plaintiff at 5014 Broadway, #4D, Woodside, New York, 11377. This address is the same address plaintiff provided to the Court on his Motion to Reopen the Case dated December 29, 2009. Throughout the litigation and following dismissal, plaintiff never advised the Court of his current mailing address.

Finally, plaintiff's Motion to Reopen the Case must be denied because it will prejudice defendants. As a primary matter, plaintiff's complaint alleges that the incident in question arose on July 17, 2003, nearly six and a half years ago. As a the Southern District Court explained, "Defendant cannot defend against plaintiff's suit without obtaining some discovery to explore relevant facts and precise nature of plaintiff's claims. Moreover, the more time passes, the more difficult it may become to obtain meaningful discovery, as evidence is lost or forgotten and potential witnesses leave defendant's employ or move away." Williams v. New York City Department of Corrections, 219 F.R.D. 78, 87 (S.D.N.Y. 2003), citing Mathews v. United States Shoe Corp., 176 F.R.D. 442 (W.D.N.Y. 1997). In the present case, it is inevitable that over this long period of time in which plaintiff has failed to prosecute his case, memories of witnesses have deteriorated, details of the incident are no longer clear, and documents are more difficult to locate and may no longer exist.

### Plaintiff's Motion to Reopen Case Must be Denied Because Plaintiff Fails to Sustain his Evidentiary Burdens Pursuant to Fed. R. Civ. P. 60(b) and the Application is Untimely

Plaintiff Keith Thompson's motion to reopen this case does not specify which rule plaintiff intends to move under, however, because plaintiff requests relief to reopen this case, defendants will respond to plaintiff's motion as though he moved for relief under Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure allows the court to revisit an order or judgment and provide relief based on any of six criteria. To prevail on a Rule 60(b) motion,

plaintiff must demonstrate that one of the criteria outlined in the rule applies. Word v. Croce, 00 Civ. 6496 (SAS), 2001 U.S. Dist. LEXIS 9071, at *3 (S.D.N.Y. July 5, 2001).

Specifically, defendants will respond to plaintiff's motion under Rule 60(b)(1) for excusable neglect and Rule 60(b)(6), which is the "catch-all" provision of Rule 60(b). See Broadway v. City of New York, 219 F.R.D. 78 (S.D.N.Y. 2003). Plaintiff's motion clearly does not fall within the realm of prongs two through five of Rule 60(b).

"A motion under Rule 60(b) is addressed to the sound discretion of the trial court." Velez v. Vassallo, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002) (citing Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990)). Rule 60(b) provides an opportunity for courts to balance fairness considerations present in a particular case against the policy favoring the finality of judgments. Kotlicky v. United States Fidelity Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987); Broadway v. City of New York, 219 F.R.D. 78 (S.D.N.Y. 2003) ('While Rule 60(b) was designed to strike a balance between the interests of fairness and the finality of judgments, 'final judgments should not be lightly reopened.'") (citing Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). Moreover, Rule 60(b) motions are "generally granted only upon a showing of exceptional circumstances." Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990)). When the adversary process has been halted because of an essentially unresponsive party, judgment against the non-responsive party is appropriate to protect the other party from interminable delay and continued uncertainty as to his rights. See Salmon v. 1498 Third Realty Corp., 148 F.R.D. 127, 128 (S.D.N.Y. 1993).

Under Rule 60(c) of the Federal Rules of Civil Procedure, "a motion under Rule 60(b) must be made within reasonable time...", and specifically, a motion made under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order..." Fed. R. Civ. P. 60(c)(1). Here, if plaintiff's motion dated December 29, 2009 is construed under Rule 60(b)(1), plaintiff's time to seek relief expired on March 9, 2007, one year after the Clerk of Court's Order dismissing this case dated March 9, 2006.

Alternatively, if plaintiff's motion is construed to be made under Rule 60(b)(6), the motion must be made within a reasonable time. To determine the timeliness of a motion brought pursuant to Rule 60(b)(6), courts look at the particular circumstance of each case and "balance the interest in finality with the reasons for delay." Lorraine Grace, et al. v. Bank Leumi Trust Company, et al., 443 F.3d 180, 191 (2d Cir. 2006) (quoting Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). Furthermore, a Rule 60(b)(6) motion requires "extraordinary circumstances," which "typically do not exist where the applicant fails to move for relief promptly." Transaero, Inc. v. La Fuerza Area Boliviana, 24 F.3d 457, 462 (2d Cir. 1994).

In the present case, plaintiff failed to promptly move for relief because plaintiff's motion to reopen the case was filed nearly four years following dismissal. Such a large span in time cannot be considered reasonable. In addition, plaintiff files this motion to reopen the case from the same address where plaintiff was notified of the case's potential dismissal in January 2006. For the foregoing reasons, defendants respectfully submit that plaintiff's failure to move under Rule 60(b)(6) within a reasonable time justifies denial of plaintiff's motion to reopen the case.

## Plaintiff's Motion to Reopen Case Must be Denied Because Plaintiff's False Arrest and False Imprisonment Claims are Now Barred by the Statute of Limitations

The statute of limitations applicable to Section 1983 actions brought in New York is three years. Owens v. Okure, 488 U.S. 235 (1989); Pearl v. City of Long Beach, 296 F.3d 76 (2d Cir. 2002). A federal claim, brought pursuant to Section 1983, accrues at the time that plaintiff knows, or has reason to know, of the injury that is the basis of his action. Eagleston v. Guido, 41 F.2d 865, 871 (1994); Cullen v. Margiotta, 811 F.2d 698, 725 (2d. Cir. 1987). The Supreme Court has made clear that the "discovery of the injury, not the discovery of the other elements of a claim, is what starts the clock." See Rotella v. Wood, 528 U.S. 549, 555 (2000).

The statute of limitations on a false arrest claim, "where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 549 U.S. 384, 396 (2007). In the present case, plaintiff alleges he was unlawfully stopped and arrested by the defendants on July 17, 2003, and subsequently released on July 18, 2003. (See Docket Entry No. 1). Accordingly, any claim of false arrest accrued on the date of plaintiff's release, July 18, 2003. The statute of limitations on the false arrest claim therefore expired three years later, on July 18, 2006. Here, plaintiff's Motion to Reopen Case is dated December 29, 2009, three and one half years after the statute of limitations on this claim expired. The false arrest claim must therefore be dismissed as barred by the statute of limitations.

## Conclusion

Accordingly, defendants respectfully submit plaintiff was provided with adequate notice regarding the potential dismissal of the action and his failure to take any action in the matter for four years should not be rewarded by reopening of the case at this late date. In view of the foregoing, defendants respectfully request that the Court deny plaintiff's Motion to Reopen the Case.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

*Mary O'Flynn*
Mary O'Flynn
Senior Counsel
Special Federal Litigation Division

cc: BY MAIL
Mr. Keith Thompson
Plaintiff Pro Se
50-14 Broadway, Apartment 4D
Woodside, New York 11377