UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KEITH THOMPSON,
                 Plaintiff,

                 **REPORT AND RECOMMENDATION**

  - v -

                 CV-04-2236 (ARR)(VVP)

CITY OF NEW YORK, et al.,

                 Defendants.
-------------------------------------------------------------x

       The plaintiff's motion to reopen this case has been referred to me by Judge Ross. For the reasons below, I recommend that the motion be DENIED.

       This action, which arises from allegations of false arrest and imprisonment of the plaintiff for approximately 24 hours in July 2003, was dismissed without prejudice in March 2006 for failure to prosecute. The events leading to the dismissal are recounted in my Report and Recommendation dated February 10, 2006 and are not repeated here. *See* Dkt. Ent. 30. The plaintiff, *pro se*, moved to reopen the case on January 8, 2010 asserting that his attorney had "abandoned me in the middle of the proceedings without notice, and plaintiff was unable to handle the proceedings on his own." Pl. Aff., Dec. 29, 2009, Dkt. Ent. Following the submission of opposition by the defendants, and a reply by the plaintiff, the court scheduled a hearing on the motion which was held today.

       Although the plaintiff denies having received any notice of the proceedings that occurred in this matter in early 2006 which led to the recommendation that the action be dismissed, he confirmed at the hearing that he has lived continuously for many years at the address to which the court sent documents by regular and by certified mail relating to the dismissal of this action . The plaintiff suggested that his failure to receive those documents was attributable to the fact that he lives in a tenement building where the mailman typically is unable to gain entry to

present certified mail to the occupants of his apartment. The docket reflects, however, that the certified mail carrying the court's Report and Recommendation that the case be dismissed was refused by a person identified as "P. Clarke." The plaintiff confirmed today that he lives at the address with his mother, Pearline (sp.) Thompson Clarke. The court is compelled to conclude that certified mail concerning this case could, and did, reach the plaintiff's apartment.

There are other indications that mail relating to the dismissal was received by the plaintiff, or at least delivered to the apartment. The court sent a Notice to the apartment which scheduled a conference at which the plaintiff failed to appear on February 10, 2006. As noted in the prior Report and Recommendation, that Notice specifically warned that a failure to appear by the plaintiff would result in dismissal of the action. Dkt. Ent. 27. In contrast to prior orders scheduling conferences at which the plaintiff failed to appear (they were addressed to an incorrect address), that Notice was not returned as "undeliverable." Similarly, Judge Ross's Opinion and Order adopting the Report and Recommendation recommending dismissal contains a service list which includes the plaintiff's address. The docket contains no indication that the Opinion and Order was returned as "undeliverable."

Whether or not the plaintiff actually learned of the dismissal at that time, however, the plaintiff acknowledged that Sheehan had advised him, prior to the dismissal, about his suspension from practice and consequent inability to continue representing the plaintiff. The plaintiff stated that he asked Sheehan for referrals to other attorneys, and when that did not yield a satisfactory replacement the plaintiff sought out other attorneys on his own without success. He had no explanation, other than his lack of knowledge about what to do, for why he waited four years before approaching the court to revive his case.

As the plaintiff's motion to reopen the case seeks to reverse the judgment dismissing his claims, the motion must be analyzed under Rule 60(b) of the Federal Rules of Civil Procedure, which provides the court with authority to "relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The rule enumerates five specific grounds for relief, *see* Fed. R. Civ. P. 60(b)(1)-(5), as well as a sixth ground permitting the court to grant a Rule 60(b) motion for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). Motions under Rule 60(b)(1), (2), or (3) must be made within one year after the entry of the judgment involved, *see* Fed. R. Civ. P. 60(c)(1), and thus cannot be relied upon here given the four-year period since the judgment was entered. Rule 60(b)(4) and (5) are also inapplicable as they apply to judgments that are void, have been satisfied, or would be inequitable if applied prospectively.

The sixth "catchall" ground is the only one upon which relief might be granted here. Although phrased broadly, and described by some courts as "a grand reservoir of equitable power," *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (*quoting Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986), *cert. denied*, 480 U.S. 908 (1987)), this ground has been sharply limited. Thus, Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief," or "when the judgment may work an extreme and undue hardship." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (internal citations omitted). Although the provision "should be liberally construed when substantial justice will thus be served," *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963); *see also Winslow v. Portuondo*, 599 F. Supp. 2d 337, 341 (E.D.N.Y. 2009) (Weinstein, J.), motions under Rule 60(b) are disfavored, and the party seeking relief under the rule bears the

burden of proof, *United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Moreover, the motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The decision to grant or deny a Rule 60(b) motion is committed to the discretion of the district court. *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub nom. Gollust v. Mendell*, 498 U.S. 1023 (1991).

The extraordinary circumstances required for relief under Rule 60(b)(6) simply are not found here. The loss of his counsel's services due to suspension was unfortunate for the plaintiff. But the plaintiff was fully aware of the suspension, yet took no action at the time to preserve his claims. When his efforts to find other counsel failed, he could have sought assistance from the court as he finally did when making the instant motion. There is evidence that various documents concerning the impending dismissal, and ultimately the dismissal itself, were delivered to the plaintiff in early 2006. But even if he failed to receive them doing nothing to pursue the claims for almost four years is unreasonable.

Nor is there any evidence that denying the plaintiff's motion would result in undue or extreme hardship. There would, however, be substantial prejudice to the defendants. The passage of almost seven years since the events in question will undoubtedly affect the ability of any of the defendants to remember what occurred when they made the arrest of the plaintiff in July 2003. Recovering evidence and locating witnesses will pose additional challenges. Balancing the various interests at play here – fairness, the finality of judgments, and the reasons for delay – the scales tilt decidedly against the plaintiff. *See generally Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 190 (2d Cir. 2006); *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987); *Nemaizer*, 793 F.2d at 61.

I therefore recommend that the motion be denied.

\*   \*   \*   \*   \*   \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g.,* *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
       March 9, 2010