```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
KEITH THOMPSON,                                                    :    04-CV-2236 (ARR)(VLP)
                                                                   :
                              Plaintiff,                           :    NOT FOR PRINT OR
                                                                   :    ELECTRONIC
         -against-                                                 :    PUBLICATION
                                                                   :
CITY OF NEW YORK,                                                  :    OPINION & ORDER
                                                                   :
                              Defendant.                           :
                                                                   :
------------------------------------------------------------------ X
```

ROSS, United States District Judge:

The court received the Report and Recommendation ("R&R") on the instant case dated March 9, 2010 from the Honorable Viktor V. Pohorelsky, United States Magistrate Judge. Believing no objections were filed, the court adopted the R&R in its entirety as the opinion of the court and denied plaintiff's motion to reopen. The court then received plaintiff's objections to the R&R, which were timely filed on March 26, 2010. In light of the timely filed objections, on April 1, 2010, the court vacated its March 29, 2010 order adopting the R&R, and allowed the defendants to file a response to plaintiff's objections, which defendants filed on April 14, 2010. (Dkt. No. 47.) Following a *de novo* review of those portions of the R&R which are specifically addressed in the plaintiff's objections, this court adopts the Report and Recommendation as the Decision and Order of this Court.

## DISCUSSION

Plaintiff essentially raises two objections. First, he claims that the City was never required to show documentation showing that plaintiff was provided notice of a February 10,

1

2006 R&R from Judge Pohorelsky, recommending dismissal of the case. Second, plaintiff claims that he was abandoned by counsel during the pendency of the proceedings, which he claims amounts to an "extreme hardship" under Rule 60(b)(6).

As to plaintiff's first objection, the docket reflects that an order was issued on January 10, 2006, setting a conference for February 10, 2006, and stating that "[e]ither you or an attorney who has agreed to represent you must appear in person at the conference. A failure by you to attend the conference, or to retain an attorney to appear on your behalf at the conference, will lead to a dismissal of this action." (Jan. 10, 2006 Order, Dkt. No. 27.) This order was mailed to plaintiff's address at 5014 Broadway, #4D in Woodside, New York, and unlike previous orders, there is no indication that the notice was returned as undeliverable. When neither plaintiff nor an attorney acting on his behalf appeared at the conference, the Court determined that plaintiff had abandoned his action, and recommended that the action be dismissed. (Feb. 10, 2006 Order, Dkt. No. 30.) The docket reflects that a copy of the February 10, 2006 R&R sent by certified mail was refused by a person identified as "P. Clarke." Given that previous notices had not been returned from plaintiff's Woodside address, and that plaintiff acknowledges that he lives at the 5014 Broadway, #4D address with his mother, Pearline (sp.) Thompson Clarke, I adopt Magistrate Judge Pohorelsky's determination that plaintiff had sufficient notice of dismissal of his action.

With respect to plaintiff's second objection, Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief." Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986). To be "extraordinary circumstances" for purposes of Rule 60(b) (6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance.

2

Boehner v. Heise, 2009 WL 1360975 (S.D.N.Y. 2009) (citing Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004)). While plaintiff's counsel was suspended from the practice of law, rendering him without a lawyer, see Dkt. Nos. 22, 23, plaintiff was made aware of the suspension, made an effort to seek new counsel, and was provided numerous adjournments, notices of which were not returned to the court as undeliverable. (Dkt. No. 23, 26.) While the court is sympathetic to plaintiff's lack of counsel, his objections to the R&R shed no light on why he waited nearly four years to bring his motion to reopen. Despite the fact that plaintiff's counsel was suspended during the proceedings, in light of the delay in bringing his motion to reopen, I cannot find that there are extraordinary circumstances that warrant reopening the present action. Accordingly, I adopt Magistrate Judge Pohorelsky's finding that that plaintiff has not met the requirements of Rule 60(b)(6).

## CONCLUSION

For the reasons set forth above, I adopt Magistrate Judge Pohorelsky's Report and Recommendation, dated March 9, 2010, as the opinion of the Court. See 28 U.S.C. § 636(b)(1). Accordingly, plaintiff's motion to reopen is denied.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: April 20, 2010
Brooklyn, New York

SERVICE LIST:

*Plaintiff:*
Keith Thompson
50-14 Broadway, #4D
Woodside, NY 11377

*Counsel for Defendants*:
Jordan Michael Smith
New York City Law Department
Office of the Corporate Counsel
100 Church Street
New York, NY 10007


Cc:  Magistrate Viktor V. Pohorelsky